## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **IN-N-OUT BURGERS**, a California corporation, | Civil Action No. _____ |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **MITUL PATEL**, an individual d/b/a IN & OUT MARKET | **Jury Demand** |
| **SAMPATI, LLC** | |
| **IN AND OUT MARKET, INC.** | |
| **IN & OUT FUEL LLC** | |
| **SHAKTI FOOD, LLC** | |
| **SHAKTI FUEL, LLC** | |
| **MATA, LLC** | |
| **Defendants.** | |

Plaintiff In-N-Out Burgers alleges:

1. In-N-Out Burgers ("Plaintiff") owns the famous IN-N-OUT family of marks. It brings this action to stop Defendants' unfair use of the name IN & OUT MARKET used in connection with retail store services featuring convenience store items and gasoline and retail delicatessen services. That use misappropriates the goodwill Plaintiff has developed in its IN-N-OUT marks over a course of more than 50 years. Defendants are causing a likelihood of confusion and diluting the distinctive quality of the IN-N-OUT marks.

1

## THE PARTIES

2. Plaintiff In-N-Out Burgers is a California corporation with its principal place of business in Irvine, California.

3. Upon information and belief, Defendant Mitul Patel is a citizen of the United States and the State of Connecticut with his principal address at 3 Ben Court, Wallingford, Connecticut 06492.

4. Upon information and belief, Defendant Sampati, LLC is a Connecticut limited liability company with an address at 385 Roosevelt Drive, Seymour, Connecticut, 06483.

5. Upon information and belief, Defendant In And Out Market, Inc. is a Connecticut corporation with an address at 722 Forest Road, North Branford, Connecticut 06472.

6. Upon information and belief, Defendant In & Out Fuel LLC is a Connecticut limited liability company with an address at 385 Roosevelt Drive, Seymour, Connecticut, 06483.

7. Upon information and belief, Defendant Mata, LLC is a Connecticut limited liability company with an address at 385 Roosevelt Drive, Seymour, Connecticut, 06483.

8. Upon information and belief, Defendant Shakti Food, LLC is a Connecticut limited liability company with an address at 88 Quinnipiac Avenue, North Haven, Connecticut, 06473.

9. Upon information and belief, Defendant Shakti Fuel, LLC is a Connecticut limited liability company with an address at 88 Quinnipiac Avenue, North Haven, Connecticut, 06473.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the Lanham Act claims for relief in this action pursuant to 28 U.S.C. §§ 1331, and 1338(a). Alternatively, this Court has subject matter

jurisdiction in this action pursuant to 28 U.SC. § 1332(a) because the parties are citizens of different states, and the sum of damages exceeds $75,000. This Court also has original jurisdiction over the claims for relief asserted under Connecticut law pursuant to 28 U.S.C. § 1338(b). It may also exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the defendant resides and transacts business in this judicial district and the infringing acts alleged herein were and are being committed in this judicial district.

## FACTUAL ALLEGATIONS

**A.  PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS**

12. For more than 50 years, Plaintiff has operated a successful and popular chain of quick service restaurants offering made-to-order burger sandwiches and other products and services.

13. Since its inception, Plaintiff's business model has focused on the car culture of California. When it opened in 1948, it was the first drive-through hamburger restaurant, and the drive-through business has always been at the core of its business model.

14. Plaintiff has more than 225 locations in California, and over 300 locations in total throughout California, Arizona, Nevada, Utah, Texas and Oregon. It is continuing to expand to other states.

15. Plaintiff serves and has served thousands of out-of-state customers who regularly travel to Plaintiff's locations, such that Plaintiff's customers are located throughout the U.S.

16. Plaintiff is also well-known through its locations in tourist and other popular areas that are extensively visited by customers from all over the U.S., such as Hollywood, California,

Fisherman's Wharf in San Francisco, California, Las Vegas, Nevada, and the University of Texas, Austin.

17.     Plaintiff and its products and services are nationally known because of its extensive advertising through television, radio, and the Internet.

18.     Plaintiff has received widespread public recognition throughout the United States for its cleanliness, food quality, and customer service, wherein Plaintiff has been featured in many significant national publications, television shows, and consumer and industry reports.

19.     Since at least 1960, Plaintiff has used the mark IN-N-OUT in interstate commerce in connection with its advertising, promotion, offering to provide, and providing specially-prepared sandwiches and other products and services to consumers both in its restaurants and through its automobile drive-through windows.

20.     Plaintiff has developed tremendous good-will in its marks, including its IN-N-OUT marks.

21.     Plaintiff is a conservative corporation which prides itself on maintaining high standards and rigorous quality control.

22.     Through its restaurants, company retail stores, and online store, Plaintiff has sold and continues to sell products, including company and sponsored merchandise, and offer services under its IN-N-OUT marks throughout the United States, including in Connecticut.

23.     In keeping with the car culture business model, every year Plaintiff creates and sells apparel and other items featuring cars.

24.     In-N-Out owns numerous federally registered trademarks and service marks comprising the words IN 'N' OUT (U.S. Reg. No. 0930203), IN-N-OUT (U.S. Reg. Nos. 1,085,163; 1,522,799; 1,525,982; 1,101,638; 1,101,628; 2,217,307; 2,285,823; 1,780,587) and

IN-N-OUT BURGER (U.S. Reg. Nos. 1,031,095; 1,031,096; 1,023,506; 1,528,455; 1,539,451; 1,528,456; 1,516,560; 2,026,720; 3,367,471).  Collectively, these marks shall be referred to herein as the "Registered Marks."  The Registered Marks are registered for an array of goods and services in multiple classes, including retail grocery store services (Class 42), hamburgers (Class 30), coffee (Class 30), french-fried potatoes (Class 29), beverages (Class 32), restaurant services (Class 42), shirts (Class 25), mugs (Class 21), and others.  Information from the United States Patent and Trademark Office regarding the cited registrations is attached as **Exhibit A** hereto.

25. The Registered Marks, along with Plaintiff's dozens of other registered federal trademarks, have been used in commerce, including in interstate commerce, to identify and distinguish Plaintiff's products and services since at least as early as 1948 and to serve as symbols of Plaintiff's quality, reputation, and goodwill.

26. Plaintiff uses its Registered Marks in commerce, including in interstate commerce, by displaying them on product packaging, menus, signage, promotional materials, race cars, toy vehicles, apparel, race car apparel, and advertising media.

27. The Registered Marks are associated with a variety of products and services, including food and restaurant services, online retail markets, sponsorship services, and other products and services.

28. Plaintiff has invested millions of dollars in advertising its Registered Marks in the United States in an effort to create a strong association between Plaintiff's products and services, good-will, and its Registered Marks.

29. By virtue of its drive-through operations and promotions, as well as its sponsorship of race cars, Plaintiff and its Registered Marks have long been, and continue to be, closely tied to the automobile culture in California and throughout the country.

30. The Registered Marks are strong, arbitrary marks that warrant broad protection in both related and unrelated product and service classes.

31. Additionally, as a result of the care and skill exercised by Plaintiff in the conduct of its business, the high quality of the products and services offered under its Registered Marks, and the extensive advertising, sale, and promotion of products and services bearing its Registered Marks, its Registered Marks have acquired additional good-will and secondary meaning in the United States.

32. Since at least the date of first use of each of the Registered Marks, Plaintiff has manifested its intent to maintain exclusive ownership of the Registered Marks and to continue use of the Registered Marks in interstate commerce in connection with Plaintiff's products and services.

33. Plaintiff has carefully monitored and policed the use of the Registered Marks and maintains tight control over their use.

**B.    DEFENDANTS' INFRINGING ACTIVITIES**

34. Upon information and belief, Defendant Mitul Patel owns and operates a business named In & Out Market consisting of a convenience store, delicatessen and gas station at two locations in Connecticut, namely, 88 Quinnipiac Avenue, North Haven, Connecticut 06473 and 385 Roosevelt Drive, Seymour, Connecticut 06483.  Upon information and belief, Defendant has claimed to have used the name In & Out Market in connection with this business since at least 2007.  Upon information and belief, Defendants Sampati, LLC, In & Out Fuel LLC, and Mata, LLC are all located at the Seymour In & Out Market location and Shakti Food, LLC and Shakti Fuel, LLC are located at the North Haven In & Out Market location.  Upon information and belief, Defendant Mitul Patel is the sole member of In & Out Fuel LLC, Mata, LLC, and

6

Sampati, LLC, and is the registered agent for Shakti Fuel, LLC and Shakti Food, LLC. Upon information and belief, given the common addresses of Sampati, LLC, In & Out Fuel LLC, Mata, LLC, Shakti Food, LLC, and Shakti Fuel, LLC with the Seymour and North Haven locations of the In & Out Market business and Defendant Mitul Patel's close association with these business entities, all of these business entities are involved in the In & Out Market business and use of the IN & OUT MARKET mark. Upon information and belief, Defendant In And Out Market, Inc. owns and operates both the Seymour and North Haven In & Out Market locations (Defendants Mitul Patel, Sampati, LLC, In & Out Fuel LLC, Mata, LLC, Shakti Food, LLC, Shakti Fuel, LLC, and In And Out Market, Inc. are collectively referred to hereinafter as the "Defendants").

35.     Defendants have used, and continue to use, "IN & OUT MARKET" (the "Infringing Name") to provide retail store services featuring convenience store items and gasoline and retail delicatessen services.

36.     Defendants have advertised the Infringing Name in Connecticut and in this judicial district.

37.     Defendants have also used the domain name INANDOUTMARKET.COM and associated website to advertise and promote the In & Out Market business in Connecticut and in interstate commerce.

38.     The type face and color Defendant Mitul Patel has adopted for the Infringing Name as used in conjunction with Defendants' commercial business are very similar to those used by Plaintiff in the Registered Marks:

 

39.     The Infringing Name as used by Defendants is a colorable imitation of Plaintiff's Registered Marks that is likely to cause confusion or mistake or to deceive.

40.     Many of the federal registrations for the Registered Marks predate Defendants' use of the Infringing Name by a number of years.

41.     Plaintiff did not authorize Defendants to use the Infringing Name or any other colorable imitation of the Registered Marks.

42.     On February 8, 2016, Plaintiff's counsel wrote to In & Out Market at its North Haven location advising that In & Out Market's use of the Infringing Name is likely to cause customers to believe that the In & Out Market business is associated or affiliated with or sponsored by Plaintiff.  In this letter, Plaintiff demanded that use of the Infringing Name cease.  Plaintiff's counsel also sent follow-up letters on March 22, 2016, and April 19, 2016.  True and correct copies of these letters are attached as **Exhibit B**.

43.     Following receipt of said letters of February 8, 2016 and March 22, 2016, on March 29, 2016 Defendant Mitul Patel filed U.S. Trademark Application No. 86/956478 with the United States Patent and Trademark Office (USPTO) for the standard character mark IN & OUT MARKET for "Retail delicatessen services; Retail store services featuring convenience store items and gasoline" in International Class 35 and alleging that the Infringing Name has been in use in commerce since at least as early as March 12, 2007.  A true and correct copy of the application is attached as **Exhibit C**.

44.     On July 13, 2016, the USPTO issued an Office Action in Defendant Mitul Patel's trademark application citing Plaintiff's prior U.S. Registration Nos. 1525982, 1522799, 1528456, 1528455, 1516560, 1539451, 1085163, 1031096, 1023506, 1031095, and 0930203 against the application for the Infringing Name based on a likelihood of confusion with Plaintiff's referenced trademark registrations under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  A true and correct copy of the USPTO Office Action is attached as **Exhibit D**.

45.     Defendants have refused to stop using the Infringing Name, forcing Plaintiff to protect its valuable intellectual property by commencing legal action.  Defendants continue to use the Infringing Name with full knowledge of Plaintiff's ownership of the Registered Marks, including its exclusive right to use such intellectual property and the goodwill associated therewith.

46.     Defendants are engaging in the above-infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I: TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

47.     The foregoing paragraphs are incorporated herein by reference.

48.     Plaintiff exclusively owns the Registered Marks.

49.     Plaintiff has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant products and services and financial sponsorship of automobiles and the automobile racing industry.

50.     The Infringing Name is a colorable imitation of the Registered Marks which Defendants have used, and continue to use, in commerce, including in interstate commerce, in

connection with their retail store services featuring convenience store items and gasoline and retail delicatessen services.

51. Defendants' unauthorized use of colorable imitations of the Registered Marks has, upon information and belief, caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

52. Defendants' unauthorized use of colorable imitations of the Registered Marks constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1117.

53. Defendants have acted in bad faith and willfully in adopting colorable imitations of the Registered Mark in connection with their retail store services featuring convenience store items and gasoline and retail delicatessen services, in an effort to reap the benefits of the goodwill associated with Plaintiff's Registered Marks.

54. Defendant Mitul Patel has further acted in bad faith and willfully by filing U.S. Trademark Application No. 86/956478 for the Infringing Name after Plaintiff notified him of its rights in the Registered Marks.

55. Defendants' infringing acts have caused and will continue to cause Plaintiff to suffer irreparable injuries to its reputation and good-will.  Plaintiff does not have an adequate remedy at law to recover for this harm, and therefore, Plaintiff is entitled to injunctive relief.

## COUNT II: FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

56. The foregoing paragraphs are incorporated herein by reference.

57. Defendants' intentional commercial use of the Infringing Name constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact, and has, on information and belief, caused and is likely to cause confusion, mistake, and deception as to the following:

      a.    the affiliation, connection, or association of In & Out Market with Plaintiff;

      b.    the origin, sponsorship, or approval of In & Out Market by Plaintiff; and

      c.    the nature, characteristics, or qualities of Defendants' business that renders services using the Infringing Name.

58. The aforesaid acts constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

59. The aforesaid acts have caused and will continue to cause Plaintiff to suffer irreparable injuries to its reputation and good will. Plaintiff does not have an adequate remedy at law to recover for this harm, and therefore, Plaintiff is entitled to injunctive relief.

**COUNT III: FEDERAL TRADEMARK DILUTION, TITLE 15 U.S.C. § 1125(c)**

60. The foregoing paragraphs are incorporated herein by reference.

61. The Plaintiff Registered Marks are famous and distinctive in the United States as that term is used in § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62. Plaintiff has taken reasonable steps to preserve the integrity and image of the Registered Marks, including carefully monitoring and policing the use of the Registered Marks and maintaining tight control over the use of the Registered Marks.

63. Defendants' intentional commercial use of the Infringing Name and filing U.S. Trademark Application No. 86/956478 for registration of the Infringing Name is likely causing and will continue to likely cause dilution and tarnishment of Plaintiff's famous and distinctive Registered Marks.

64. Defendants began using the Infringing Name long after the Registered Marks became famous.

65. Defendants' commercial use of the Infringing Name and filing U.S. Trademark Application No. 86/956478 for the Infringing name demonstrates Defendants' willful intent to trade on Plaintiff's reputation and to cause dilution of the Registered Marks.

66. Any association with Defendants made by consumers has an adverse effect on Plaintiff's excellent reputation. Defendants' intentional commercial use of the Infringing Name and filing U.S. Trademark Application No. 86/956478 for the Infringing name has caused and continues to cause irreparable injury to Plaintiff's business reputation and goodwill through Defendants' dilution of the distinctive quality of the Registered Marks.

67. The aforesaid acts constitute Federal Trademark Dilution in violation of Title 15 U.S.C. § 1125(c).

## COUNT IV: COMMON LAW UNFAIR COMPETITION

68. The foregoing paragraphs are incorporated herein by reference.

69. Plaintiff owns and enjoys rights in the Registered Marks, in California and throughout the United States.

70. Plaintiff has used the Registered Marks in intra and interstate commerce in connection with the advertising and promotion of its restaurant products and services and financial sponsorship of automobiles and the automotive racing industry.

71. Through Plaintiff's use of its Registered Marks, they have achieved secondary meaning and are recognized by the public as inextricably connected to Plaintiff.

72. Defendants have used and continue to use the Infringing Name, which are colorable imitations of the Registered Marks, in commerce, including in interstate commerce, in connection with the operations of their business in Connecticut.

73. Defendants' unauthorized use of colorable imitations of the Registered Marks has, upon information and belief, caused, and will likely continue to cause, confusion in the relevant consumer market.

74. Defendants' unauthorized use of colorable imitations of Registered Marks constitutes false designation of origin, false or misleading description of fact, and false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and deception as to the following:

    a. the affiliation, connection or association of In & Out Market with Plaintiff;

    b. the origin, sponsorship, or approval of In & Out Market by Plaintiff; and/or

    c. the nature, characteristics, or qualities of Defendants' business that renders services using the Infringing Name.

75. Defendants' intentional commercial use of the Infringing Name is nonfunctional and serves no purpose other than identification.

76. Defendants' false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

77. Defendants have acted in bad faith and willfully in adopting and using the Infringing Name and filing U.S. Trademark Application No. 86/956478 for the Infringing name in an effort to reap the benefits associated with Plaintiff's Registered Marks.

78. Defendants' infringing acts have caused, and will continue to cause, Plaintiff to suffer irreparable injuries to its reputation and good-will.  Plaintiff does not have an adequate remedy at law to recover for this harm, and therefore Plaintiff is entitled to injunctive relief.

### COUNT V: COMMON LAW TRADEMARK INRINGEMENT

79. The foregoing paragraphs are incorporated herein by reference.

80. Defendants' acts constitute trademark infringement under the common laws of the State of Connecticut.

81. Defendants' acts of trademark infringement entitle Plaintiff to recover its damages and costs of this action, together with an accounting of profits made by Defendants' business and services.

82. The acts of Defendants have been malicious and calculated to injure Plaintiff.

83. The willful, wanton and malicious nature of Defendants' conduct entitles In-N-Out Burgers to an award of its reasonable attorneys' fees and punitive damages.

84. Defendants' infringement of the Registered Marks is causing irreparable injury to Plaintiff's goodwill, and unless enjoined by this Court, will continue to do so.

85. Further, Plaintiff may not have an adequate legal remedy in the event money damages cannot properly be calculated.

86. Under the common laws of the State of Connecticut, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing trademark infringement.

### COUNT VI: COMMON LAW DILUTION OF A DISTINCTIVE MARK

87. The foregoing paragraphs are incorporated herein by reference.

88. Defendants' acts constitute dilution of the distinctive quality of the Registered Marks and are intended to undermine the uniqueness and distinctiveness of the Registered Marks, constituting trademark dilution under the common laws of the State of Connecticut.

89. Defendants' acts of trademark dilution entitle Plaintiff to recover its damages and costs of this action, together with an accounting of profits made by Defendants' business and services.

90. The acts of Defendants have been malicious and calculated to injure Plaintiff.

91. The willful, wanton and malicious nature of Defendants' conduct entitles Plaintiff to an award of its reasonable attorneys' fees and punitive damages.

92. Defendants' dilution of the Registered Marks is causing irreparable injury to Plaintiff's goodwill, and unless enjoined by this Court, will continue to do so.

93. Further, Plaintiff may not have an adequate legal remedy in the event money damages cannot properly be calculated.

94. Under the common laws of the State of Connecticut, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing trademark dilution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. The Court finds that Plaintiff owns valid and subsisting trademarks.

2. Defendants be held liable under each claim for relief as set forth in this Complaint.

3. For an order that Defendants, their agents, servants, employees, attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the Infringing Name and any mark that is confusingly similar to Plaintiff's Registered Marks;

4.     For an order requiring Defendants to deliver for destruction any and all products or other physical items in Defendants' possession that infringe upon the Registered Marks;

5.     For an order requiring Defendants to cease use of the domain name INANDOUTMARKET.COM and to transfer the domain name to Plaintiff;

6.     For an order requiring Defendant Mitul Patel to withdraw U.S. Trademark Application No. 86/956478;

7.     For an order requiring Defendants to cancel all registrations and licenses for businesses, trade names, fictitious names and any others containing the Infringing Name or any combination of "In" and "Out";

8.     Awarding Plaintiff damages, including, *inter alia,* disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S.C. § 1117(b);

9.     For Plaintiff's attorneys' fees;

10.    For Plaintiff's costs in this suit; and

11.    For such other relief as this Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues for which a jury trial is available.

Dated:  December 22, 2016						By:  /s/ Charles N.J. Ruggiero
						      Charles N.J. Ruggiero (ct03126)
						      OHLANDT, GREELEY, RUGGIERO & PERLE, LLP
						      One Landmark Square, 10th Floor
						      Stamford, Connecticut 06901
						      Tel: 203-327-4500
						      Fax: 203-327-6401
						      E-mail: cruggiero@ogrp.com

						      Attorney for Plaintiff